# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN M. CHIKEREMA, | : | |
|    Petitioner, | : | |
| | : | No. 1:18-cv-1031 |
| v. | : | |
| | : | (Judge Rambo) |
| CRAIG R. LOWE, | : | (Magistrate Judge Carlson) |
|    Respondent. | : | |

## MEMORANDUM

Before the Court for disposition is Magistrate Judge Martin C. Carlson's Report and Recommendation ("R&R," Doc. No. 12), entered on May 2, 2019, which recommends that *pro se* Petitioner Martin M. Chikerema ("Petitioner")'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) be granted and that the Government be ordered to conduct an individualized bond hearing to review Petitioner's detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). Respondent filed objections to the R&R on May 15, 2019. (Doc. Nos. 13, 14.) On August 16, 2019, Petitioner filed a motion to expedite the adjudication of his § 2241 petition. (Doc. No. 15.) For the reasons set forth below, the Court will grant Petitioner's motion to expedite (Doc. No. 15), adopt Magistrate Judge Carlson's R&R, overrule the Government's objections, grant Petitioner's § 2241 petition, and direct that he receive an individualized bond hearing.

## I. BACKGROUND

As Magistrate Judge Carlson set forth, the pertinent facts are as follows:

The petitioner, Martin Chikerema, is a citizen and native of Zimbabwe admitted to the United States at Pittsburgh, Pennsylvania on or about December 24, 1994 as a nonimmigrant student. Chikerema overstayed his student visa and on August 18, 2002, immigration officials served him with a Notice to Appear and charged him as removable pursuant to § 237(a)(1)(C)(i) of the Immigration and Nationality Act (INA). Following immigration proceedings, on May 11, 2006, an immigration judge in Chicago, Illinois granted Chikerema asylum, and his immigration status was adjusted to that of a lawful permanent resident on October 26, 2011.

On April 4, 2017, Chikerema was convicted in the United States District Court for the Southern District of Indiana of filing false tax returns in violation of 26 U.S.C. § 7206(1), and was sentenced to six months imprisonment. As Chikerema's sentence drew to a close, immigration officials encountered the petitioner while he was incarcerated at Moshannon Valley Correctional Institution. On October 11, 2017, immigration officials served Chikerema with a Notice to Appear charging him with being removable from the United States pursuant to § 237(a)(2)(A)(iii) of the INA due to his conviction of an aggravated felony as defined in § 101(a)(43)(m) of the INA, a law relating to an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000.00, or is described in the Internal Revenue Code of 1986, § 7201 (relating to tax evasion) as an offense in which the revenue loss to the Government exceeds $10,000.00. On November 7, 2017, an immigration judge sustained the charge of removability against Chikerema. One week later, on November 14, 2017, Chikerema was remanded into ICE custody and has remained in continuous immigration detention for the past 17 ½ months.

During this time, Chikerema has been actively contesting his removal from the United States. Thus, on November 20, 2017, Chikerema sought to stave off removal by asserting a claim of a fear of persecution if returned to Zimbabwe. On January 16, 2018, Chikerema had a merits hearing before an immigration judge to present his claims of withholding of removal and protection under the Convention Against

> Torture. Two weeks later, on February 26, 2018, an immigration judge denied all of Chikerema's applications for withholding.

(R&R at 2-3.) According to the automated immigration court's information system,[1] an immigration judge ordered Chikerema removed on July 29, 2019, and he has until August 26, 2019 to appeal that decision to the Board of Immigration Appeals ("BIA").

Petitioner filed his § 2241 petition on May 16, 2018. (Doc. No. 1.) In his R&R, Magistrate Judge Carlson noted that Petitioner had, by that date, "remained in continuous immigration detention for the past 17 ½ months." (Doc. No. 12 at 3.) Because of this, he found that Petitioner's detention had reached a duration suggesting that a bond hearing is constitutionally required and recommended granting Petitioner's § 2241 petition. Respondent has objected, arguing that (1) the cases relied upon by Magistrate Judge Carlson to recommend granting a bond hearing—*Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011) and *Chavez-Alvarez v. Warden York Co. Prison*, 783 F.3d 460 (3d Cir. 2015)—have been overruled by the Supreme Court's decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); (2) Petitioner's detention does not violate due process; and (3) there is no constitutional requirement to shift the evidentiary burden from the detainee to the government. (Doc. No. 14.)

---

[1] The phone number for this system is 1-800-898-7180. *See* https://www.justice.gov/eoir/customer-service-initiatives.

## II. LEGAL STANDARD

When objections are timely filed to a magistrate judge's report and recommendation, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. § 636(c); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citation omitted). Nonetheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

## III. DISCUSSION

The Court has reviewed Magistrate Judge Carlson's R&R, as well as the applicable evolving case law, and concurs with his rationale and recommendation.

The parties do not dispute that Petitioner is detained pursuant to 8 U.S.C. § 1226(c), which mandates pre-removal detention of aliens who are removable based on certain enumerated offenses. Furthermore, as Magistrate Judge Carlson explains, the Supreme Court's decision in *Jennings* "explicitly rejected the practice of reading implicit time limitations into unambiguous statutes such as § 1226(c), and found "that the statute contains no implicit time limitations." *Dryden v. Green*, 321 F. Supp. 3d 496, 500, 501 (D.N.J. 2018).

The United States Court of Appeals for the Third Circuit, however, recently stated that "*Jennings* did not call into question [the] constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018). Thus, "only an individualized as applied constitutional challenge to the statute remains for Petitioner and those in similar circumstances." *Dryden*, 321 F. Supp. 3d at 501-02. The *Dryden* court then explained:

> Although the Third Circuit's ultimate rulings in *Diop* and *Chavez-Alvarez* have been abrogated by *Jennings*, and those two cases are no longer binding upon this Court, it does not follow that those two cases should be ignored. The constitutional reasoning that underlay the Third Circuit's invocation of the constitutional avoidance canon still provides some persuasive guidance as to how this Court should address § 1226(c) claims. Specifically, the Court accepts that the "constitutionality of [detention pursuant to § 1226(c) without a bond hearing] is a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past

5

> [certain] thresholds." *Chavez-Alvarez*, 783 F.3d at 474 (quoting *Diop*, 656 F.3d at 232, 234). This Court likewise is mindful that "any determination on unreasonableness [must be] highly fact specific" and that "at a certain point—which may differ case by case[]—the burden to an alien's liberty outweighs" the Government's interest in detention without bond," *id.* at 474-75, and that detention which is so unreasonable as to amount to an arbitrary deprivation of liberty cannot comport with the requirements of the Due Process Clause. *Id.* at 474; *see also Demore*, 538 U.S. at 432, 123 S. Ct. 1513 (Kennedy, J., concurring). Because, however, *Jennings* foreclosed the constitutional avoidance basis provided by the Third Circuit in its determination that detention will normally become suspect between six months and a year, and because *Jennings* leaves open only the question of whether § 1226(c) is unconstitutional as applied to the petitioner, it is insufficient that Petitioner's detention has merely become suspect by reaching this six-month to a year threshold, in order for Petitioner to be entitled to release he must show that his ongoing detention is so unreasonable or arbitrary that it has actually violated his rights under the Due Process Clause. If Petitioner's detention has not become so unreasonable or arbitrary that continued application of the statute is unconstitutional as applied to Petitioner, § 1226(c) authorizes his continued detention until a final order of removal is entered and Petitioner would not be entitled to relief. *Jennings*, 138 S. Ct. at 846-47.

*Id.* at 502. Thus, "courts now use a case-by-case approach, post-*Jennings*, to determine whether a § 2241 habeas petitioner has demonstrated that his prolonged mandatory detention under § 1226(c) is unconstitutional as applied to him." *Vega v. Doll*, No. 3:17-1440, 2018 WL 3756755, at *3 (M.D. Pa. Aug. 8, 2018).

The Court finds that Magistrate Judge Carlson has thoroughly examined the various factors considered by courts and properly concluded that under the circumstances of this case, Petitioner's prolonged mandatory detention under

6

§ 1226(c) "has reached a duration where . . . a bond hearing is constitutionally required." (Doc. No. 12 at 17.) Respondent objects, arguing that Magistrate Judge Carlson's analysis of Petitioner's circumstances was "flawed." (Doc. No. 14 at 15.) Respondent maintains that there is no "outer limit for what constitutes a permissible period of detention." (*Id.*) Here, however, Petitioner has been in ICE custody for more than twenty (20) months, a period of detention that courts within the Third Circuit have found to be so prolonged as to be an arbitrary and therefore unconstitutional application of § 1226(c). *See, e.g.*, *Vega*, 2018 WL 3756755, at *5 (concluding that detention for 21 months was so prolonged that it had become arbitrary and unreasonable, and granting an individualized bond hearing); *K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at *4 (D.N.J. Aug. 7, 2018) (detention for nineteen (19) months absent bad faith on petitioner's part warranted a bond hearing).

Respondent also argues that "[c]ontrary to the Magistrate Judge's finding, the government has not delayed or unreasonably prolonged Chikerema's removal proceedings." (Doc. No. 14 at 16.) Respondent suggests that the delay in removal proceedings is attributable to Petitioner's "numerous motions and requests for relief." (*Id.*) However, like the petitioner in *Vega*, the Court does not find that Petitioner has been filing frivolous requests for relief. Rather, he has filed defenses to his removal, which is a factor to be considered in determining whether detention

7

under § 1226(c) has become unreasonable. *See Sajous v. Decker*, No. 18-CV-2447 (AJN), 2018 WL 2357266, at *11 (S.D.N.Y. May 23, 2018).

As the United States District Court for the Southern District of New York has noted, "[t]he first, and most important, factor that must be considered is the length of time the alien has already been detained." *Id.* at *10. As noted above, Petitioner has been detained by ICE for over twenty (20) months. As Judge Mannion stated in *Vega*, "it is relevant that petitioner's detention . . . for almost two years is comparable to a considerable prison sentence even though he was not convicted of any new crimes." *Vega*, 2018 WL 3756755, at *4. As such, the Court concurs with Magistrate Judge Carlson that Petitioner's continued detention has become so prolonged that it has become arbitrary and unreasonable in his particular case and that he is therefore entitled to an individualized bond hearing.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Petitioner's motion to expedite (Doc. No. 15), adopt Magistrate Judge Carlson's R&R (Doc. No. 12) and overrule Respondent's objections (Doc. No. 13, 14.) The Court will grant Petitioner's § 2241 petition (Doc. No. 1) and direct that Petitioner receive an individualized bond hearing before an immigration judge. An appropriate Order follows.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: August 19, 2019